IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CRAIG S. HENDERSON, )<br>)<br>Defendant. ) | Criminal Action No.<br>07-00094-01-CR-W-DW |

## REPORT AND RECOMMENDATION

On April 16, 2007, defendant moved for a judicial determination of mental competency. Defendant was examined at the Medical Center for Federal Prisoners in Littleton, Colorado, by Jeremiah Dwyer, Ph.D., a forensic psychologist. Dr. Dwyer stated that defendant does suffer from a mental disorder that significantly impairs his present ability to understand the nature and consequences of the court proceedings against him and substantially impairs his ability to properly assist counsel in a defense. Dr. Dwyer recommended commitment for treatment, but stated that "given the possibility that his cognitive impairment may be congenital (present since birth), or due to head trauma or long-standing substance abuse, even following treatment, the prognosis for significant improvement is guarded at best."

I held a competency hearing on July 25, 2007. Defendant was present, represented by Federal Public Defender Ray Conrad. The government was represented by Assistant United States Attorney Kate Mahoney. The parties stipulated to the report of Dr. Dwyer.

Based on the uncontroverted evidence stipulated to by the parties in this case, I find that the defendant is not competent to stand trial and to assist in his defense.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and applicable law, enter an order finding defendant incompetent to stand trial and to assist in his defense. It is further

RECOMMENDED that the court commit defendant to the custody of the Attorney General for hospitalization and treatment pursuant to 18 U.S.C. § 4241(d). It is further

ORDERED that prior to physically transferring defendant to Kansas City upon the reinstatement of his competency (regardless of when that occurs), the Warden or a designated representative shall contact counsel in this case to determine whether a supplemental examination to determine defendant's competency at the time of the offense will be requested[1].

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
July 26, 2007

---

[1] Dr. Dwyer found as follows: "[T]here is no evidence that Mr. Henderson was experiencing depression at the time of the alleged offense, aside from his claim regarding the presence of the cocaine in his clothes was for the purpose of attempting suicide. As stated earlier, this claim appears inconsistent with the circumstances at that time. While he denied culpability in the current case, he expressed an understanding that using illicit substances (during the same time period) was not legal. Thus, he demonstrated an ability to appreciate the criminality of his conduct. However, this determination is provisionally based in that Mr. Henderson's current functioning has somewhat limited the amount of relevant information available in assessing responsibility. Therefore, the issue of responsibility would best be revisited at such time as Mr. Henderson's cognitive functioning has improved."