**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-00094-01-CR-W-DW |
| ) | |
| CRAIG S. HENDERSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

     This matter is before the Court on Magistrate Judge Robert Larsen's Report and Recommendation finding Defendant not competent to stand trial (Doc. 21).

     A three-part procedure for determining mental competency to stand trial exists under 18 U.S.C. § 4241. A district court must first determine, by a preponderance of the evidence, whether the defendant suffers from a "mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a), (d). If the district court concludes that the defendant lacks sufficient mental competency to proceed to trial, "the court shall commit the defendant to the custody of the Attorney General" and the "Attorney General shall hospitalize the defendant for treatment . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed." 18 U.S.C. § 4241(d), (d)(1).

     On April 16, 2007, Defendant moved for a judicial determination of mental competency. Thereafter, Defendant was examined at the Medical Center for Federal Prisoners in Littleton, Colorado, by Jeremiah Dwyer, Ph.D. Dr. Dwyer concluded that Defendant suffers from a mental disorder that significantly impairs his present ability to understand the nature and consequences of the court proceedings against him and substantially impairs his ability to properly assist counsel in a defense. Dr. Dwyer recommended that Defendant participate in competency restoration procedures, but stated that his prognosis for significant improvement is guarded at best. During a hearing before Magistrate Larsen, Defendant and the Government stipulated to Dr. Dwyer's findings. After the

hearing, Magistrate Larsen prepared a Report and Recommendation finding Defendant not competent to stand trial. After an independent review of the record, the Court adopts the Magistrate's finding of facts and conclusions of law.

It is hereby ORDERED that:

(1) The Magistrate's Report and Recommendation be attached to and made part of this Order.

(2) Defendant Henderson is incompetent to stand trial.

(3) Defendant Henderson shall be committed to the custody of the Attorney General. Pursuant to 18 U.S.C. § § 4241(d)(1), the Attorney General shall hospitalize Henderson for treatment in a suitable facility for a reasonable period of time, not to exceed four months, to determine whether there is a substantial possibility that in the foreseeable future Henderson will attain the capacity to permit the trial to proceed.

(4) That prior to transferring Defendant Henderson to Kansas City upon the reinstatement of his competency, the warden or a designated representative shall contact counsel in this case to determine whether a supplemental examination to determine Defendant's competency at the time of the offense will be requested.

Date: August 29, 2007        /s/ Dean Whipple
                             Dean Whipple
                             United States District Judge